SEL/KAJ/sly      17-111      6/17/20

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TINA DOBYNE, Special Administrator of the Estate of TIMOTHY DOBINE, deceased, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | <br><br><br><br><br><br><br><br> JURY DEMAND |

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

Plaintiff, TINA DOBYNE, Special Administrator of the Estate of TIMOTHY DOBINE, deceased, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., complaining of defendant, UNITED STATES OF AMERICA, upon information and belief, states as follows:

## JURISDICTION & VENUE

1. This action is brought pursuant to the Federal Tort Claims Act ("FTCA"), 42 U.S.C. § 233, against defendant, UNITED STATES OF AMERICA, which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court. 28 U.S.C. § 1346.

2. Pursuant to 28 U.S.C. § 2675, this claim was presented to the appropriate agency of the defendant, UNITED STATES OF AMERICA, namely the United States Department of Health and Human Services on June 27, 2019, for the claims of plaintiff, TINA DOBYNE, Special Administrator of the Estate of TIMOTHY DOBINE, deceased.

3. As of December 27, 2019, six months have elapsed and the United States Department of Health and Human Services has failed to make a final disposition of the claim. Pursuant to 28 U.S.C. § 2675(a), the claim may be deemed denied.

4. Accordingly, jurisdiction is conferred upon this court by 28 U.S.C. § 1346(b).

5. Pursuant to 28 U.S.C. § 1391(b)(1) and/or 1391(b)(2), as well as 28 U.S.C. § 1391(e)(1), venue is proper in the Northern District of Illinois, because a substantial part of the events or omissions giving rise to the claim occurred at PCC Community Wellness Center, a recipient of federal funding from the United States Department of Health and Human Services.

6. On or about July 20, 2017, and at all times relevant herein, defendant, UNITED STATES OF AMERICA, owned, operated, controlled and/or maintained the PCC Community Wellness Center located at 14 West Lake Street, Oak Park, Illinois 60302.

7. At all relevant times, the UNITED STATES OF AMERICA and its employees had a duty to act with reasonable care when caring for and treating plaintiff's decedent, TIMOTHY DOBINE. That duty included, but was not limited to, properly supervising resident physicians and diagnosing patients, administering the proper tests and examinations, and properly communicating with the surgical team prior to and following surgical intervention.

8. On, before and subsequent to July 20, 2017, Morgan Madison, M.D. was a physician duly licensed to practice medicine in the State of Illinois.

9. On, before and subsequent to July 20, 2017, Morgan Madison, M.D. was an agent, servant and employee of PCC Community Wellness Center and the United States of America.

10. Plaintiff, TINA DOBYNE, Special Administrator of the Estate of TIMOTHY DOBINE, deceased, is a citizen of the United States of America.

11. Defendant, UNITED STATES OF AMERICA, acted through its agency, the United States Department of Health and Human Services.

## FACTUAL ALLEGATIONS

12. On or about July 20, 2017, Morgan Madison, M.D. was a physician duly licensed to practice medicine in the State of Illinois.

13. On or about July 20, 2017, plaintiff's decedent, TIMOTHY DOBINE, presented to VHS West Suburban Medical Center, Inc., complaining of severe abdominal pain.

14. On or about July 20, 2017, TIMOTHY DOBINE was diagnosed with appendicitis and underwent a laparoscopic appendectomy.

15. Defendant, Morgan Madison, M.D., was at all times decedent's attending physician and was acting in a supervisory capacity over several resident physicians, including Tiffany Chang, M.D., Tiffany Forte, M.D., and John Hunter, M.D.

16. On or about July 20, 2017, defendant, UNITED STATES OF AMERICA, by and through its agent and/or employee, Morgan Madison, M.D., owed a duty to the decedent, TIMOTHY DOBINE, to act with reasonable care. Defendants, Morgan Madison, M.D. and the UNITED STATES OF AMERICA, breached that duty, proximately causing the death of TIMOTHY DOBINE.

17. Before, on or about July 20, 2017, and thereafter, defendant Morgan Madison, M.D. was negligent in one or more of the following respects:

    a. Failed to properly perform adequate diagnostic tests on decedent's abdomen prior to the performance of a laparoscopic appendectomy;

    b. Failed to properly perform adequate diagnostic tests and evaluations on decedent's abdomen following the performance of laparoscopic appendectomy;

    c. Failed to properly investigate, recognize and interpret the source of decedent's internal bleeding;

    d. Failed to properly perform the necessary diagnostic imaging and studies prior to performing the laparoscopic appendectomy;

    e. Failed to timely diagnose and test for complications relating to the performance of the laparoscopic appendectomy;

    f.    Failed to alert the surgical team of complications from the initial laparoscopic appendectomy;

    g.    Failed to timely call for a surgical consultation when abnormal abdominal distention was noted following the laparoscopic appendectomy;

    h.    Failed to timely alert the primary service (surgery) of a critical change in TIMOTHY DOBINE's post-operative condition; and

    i.    Failed to properly treat and care for abnormal post-operative findings and complications associated with a laparoscopic appendectomy.

18. This matter is being filed pursuant to 735 ILCS 5/2-622(a)(1), and a report from a medical professional, along with the affidavit of the attorney, are attached stating that a meritorious cause of action exists.

19. Plaintiff, TINA DOBYNE, Special Administrator of the Estate of TIMOTHY DOBINE, deceased, brings this action under the Wrongful Death Act, 740 ILCS 180/2, *et seq.* for the loss of companionship and support resulting from TIMOTHY DOBINE's death as a direct and proximate cause of one or more of the foregoing negligent acts and/or omissions of defendant, UNITED STATES OF AMERICA. Plaintiff's decedent, TIMOTHY DOBINE, suffered his death and prior to his death, suffered injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, TINA DOBYNE, Special Administrator of the Estate of TIMOTHY DOBINE, deceased, prays for money damages and money judgment against the UNITED STATES OF AMERICA.

_____
Attorney for Plaintiff

SUSAN E. LOGGANS & ASSOCIATES, P.C.
180 North LaSalle Street, Suite 2640
Chicago, IL 60601
312-201-8600
Service by Fax:    312-201-1180
Service by Email:    thefirm@logganslaw.com
ARDC No. 1684663